IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WEIGHT LOSS SURGICAL CENTER, LLC, and WEIGHT LOSS HEALTHCARE CENTERS OF AMERICA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 09-CV-2168 JWL/KGS |
| PAULETTE TASCA, | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| PREFERRED BENEFITS ADMINISTRATOR, INC., VIA CHRISTI HEALTH SYSTEM, INC., and VIA CHRISTI REHABILITATION CENTER, INC., | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs Weight Loss Surgical Center, LLC and Weight Loss Healthcare Centers of America, Inc. (collectively, "plaintiffs") filed a state court petition against Paulette Tasca seeking payment for surgical services rendered. Thereafter, Ms. Tasca filed a third-party claim against Preferred Benefits Administrator, Inc. ("PBA"), Via Christi Health Systems Inc. and Via Christi Rehabilitation Center, Inc. (collectively, "Via Christi"). PBA subsequently removed the case to this Court. This matter is presently before the Court on plaintiff's motion to enforce the parties' settlement agreement and to dismiss Ms. Tasca's

third-party claims against PBA and Via Christi (doc. #15). As explained below, the motion is denied as moot.

*Background*

Plaintiffs filed their state court petition in June 2008. In April 2009, PBA filed with this Court a Notice of Removal. The parties engaged in settlement negotiations during the course of the summer. Having received representations from the parties that the case had settled, this Court entered an order on August 14, 2009 confirming the oral agreement reached between the parties, directing the Clerk of the Court to administratively terminate the action without prejudice, and directing the parties to file a stipulation of dismissal on or before September 30, 2009. (Doc. # 14). The order additionally stated that if no stipulation were received by the Court by September 30, 2009, the order would "constitute, for purposes of Rule 58 of the Federal Rules of Civil Procedure, the Court's entry of final judgment of dismissal with prejudice under Rule 41(a)(2)."

Afterwards, the parties worked towards drafting a formal settlement agreement, which was executed by the representatives for Weight Loss, PBA, and Via Christi. Ms. Tasca did not promptly execute the settlement agreement, and PBA and Via Christi provided notice of their intent to file a motion to enforce the settlement. PBA and Via

Christi represent that their motion is unopposed. Moreover, no response has been filed to the present motion and the deadline for filing such a response has passed.[1]

*Discussion*

PBA and Via Christi seek dismissal of the claims asserted against them by plaintiffs and Ms. Tasca. However, the order entered by the Court on August 14, 2009 provided that if the parties failed to file a stipulation by September 30, 2009, the claims would automatically be dismissed with prejudice. As a stipulation was not filed, all of the claims were dismissed after September 30.[2] Therefore, the Court concludes that the request of PBA and Via Christi is moot.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motion of defendants PBA and Via Christi to enforce the settlement agreement and to dismiss with prejudice the third-party claims of Ms. Tasca is **denied as moot**.

---

[1] D. Kan. Rule 6.1(d) provides that a party opposing a dispositive motion must file and serve a written response within twenty-three days. If the present motion is viewed as a dispositive motion, the time for failing a response expired on November 7, 2009, pursuant to Fed.R.Civ.P. 6(a).

[2] Therefore, the claims originally asserted by plaintiffs against Ms. Tasca have been dismissed as well.

[3] PBA and Via Christi requested that this Court enforce the settlement agreement so as to permit them to satisfy their obligations of payment under the agreement and have the claims asserted against them consequently dismissed. PBA and Via Christi are not prevented from providing the payment agreed upon. The Court merely notes that the claims have already been dismissed.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2009, in Kansas City, Kansas.

                                                  s/ John W. Lungstrum  
                                                  John W. Lungstrum  
                                                  United States District Judge